IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> NOMAX, INC. and JOHN DOES 1-10, </br></br>  Defendants. | Cause No. 4:15-cv-517 |

**DEFENDANT NOMAX, INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S CLASS ALLEGATIONS**

Defendant Nomax, Inc. ("Defendant") files this Memorandum in Support of its Motion to Strike and/or Dismiss Plaintiff's Class Allegations, and hereby states as follows:

**INTRODUCTION**

Plaintiff St. Louis Heart Center, Inc. ("Plaintiff") filed a putative Class Action Petition ("Complaint") against Defendant, on behalf of itself and all other alleged recipients of facsimile advertisements from Defendant in purported violation of the Telephone Consumer Protection Act ("TCPA"). However, a class complaint must not only sufficiently allege all of the Rule 23 elements for class certification – it must also contain a proper class definition. When it does not, the class allegations must be stricken and/or dismissed.

Here, Plaintiff's class definition alleges an impermissible "fail-safe" class definition; that is, it requires merit determinations to identify each of the class members. The fatal flaw in Plaintiff's class definition is that class membership turns on whether the individual can establish the elements of a valid claim – elements that the Complaint expressly incorporates into the pleaded class definition. This type of merits-based class, in which only "winners" end up in the

class, and those with "losing" claims are excluded from the class (and therefore not bound by a final judgment in the class), is uncertifiable as a matter of well-established law.  Because Plaintiff's fail-safe class definition cannot provide a proper basis for allowing Plaintiff's suit to go forward, Plaintiff should not be allowed to impose on Defendant and the Court the substantial costs and efforts involved in class-certification discovery and proceedings.

As a result, Plaintiff's class definition and related allegations should be stricken and/or dismissed.

## BACKGROUND FACTS

Plaintiff's Complaint alleges that between 2011 and 2014, Defendant sent six (6) unsolicited facsimiles to Plaintiff.  (Plaintiff's Class Action Petition (the "Complaint"), ¶ 10).  The purported facsimiles are attached to Plaintiff's Complaint as Exhibits A through F. (Complaint, ¶ 10).

As a result, Plaintiff alleges that Defendant is in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and liable for conversion of Plaintiff's fax equipment[1] and seeks to have a class certified on these grounds.  Under the TCPA, Plaintiff seeks to represent the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faces, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

(Complaint, ¶ 32).

---

[1] Plaintiff voluntarily dismissed its claim under the Missouri Merchandising Practices Act on March 30, 2015.

For its conversion claim, Plaintiff seeks to certify the following class:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

(Complaint, ¶ 52).

## ARGUMENT

A. **Standard on Motion to Strike and Motion to Dismiss**

Federal Rule of Civil Procedure 23(c)(1)(A) provides: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The Courts have therefore determined that a motion to strike "is an appropriate device to determine whether [a] case will proceed as a class action." *Lee v. Children's Place Retail Stores, Inc.*, 2014 WL 5100608 (N.D. Ill. 2014) (striking class allegations prior to discovery because class could not be maintained due to lack of typicality and adequacy of representation); *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (noting that the Federal Rules instruct the district court to decide whether to certify a class "'[a]t an early practicable time' in the litigation, and nothing in the rules says that the court must await a motion by the plaintiffs"); *Bennett v. Nucor Corp.*, 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005) ("the propriety of certifying a class action can be decided…before discovery on the certification issue"); *Thornton v. State Farm Mut. Auto. Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482, at *1 (N.D. Ohio Nov. 17, 2006) (granting motion to strike class allegations under Fed. R. Civ. P. 23(c) and (d)); *Lumpkin v. E.I. DuPont de Nemours & Co.*, 161 F.R.D. 480, 481–82 (M.D. Ga. 1995) (striking class allegations and stating that "awaiting further discovery will only cause needless delay and expense"); *In re St. Jude Medical Inc. Silzone Heart Valves Products Liability Litigation*, 2009 WL 1789376 (D. Minn. 2009) (granting motion to strike class

allegations, noting that where a plaintiff's class allegations are insufficient to satisfy the requirements for certification, the Court has authority to strike those allegations).

A party may also bring a motion to dismiss for "failure to state a claim upon which relief can be granted" before a responsive pleading has been filed. Fed. R. Civ. P. 12(b)(6). As recently reiterated by the Eighth Circuit Court of Appeals: "Class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." *McCrary v. Stifel, Nicolaus & Co., Inc.*, 687 F.3d 1052 (8th Cir. 2012).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted). The purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and factfinding, as "[l]itigants, of course, have no right to discovery in the absence of a plausible legal theory." *First Commercial Trust Co., N.A. v. Colt's Mfg. Co., Inc.* 77 F.3d 1081 (8th Cir. 1996) (citing to *Neitzke v. Williams,* 490 U.S. 319 (1989)).

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint, or any part of it, for failure to state a claim, if the plaintiff fails to set forth sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553–55, 570 (2007); *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (relying on *Twombly*).

B.   **Plaintiff's Alleged Class Definitions Are Fail-Safe and Uncertifiable**

Plaintiff's Complaint fails to plead a proper class definition. It is fatally flawed because "it only includes those who are entitled to relief" – which improperly defines a fail-safe class. *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). A fail-safe class requires an inquiry into "whether the person has a valid claim" in order to determine "whether a person qualifies as a member." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825

(7th Cir. 2012).  Such a class definition improperly "shields the putative class members from receiving an adverse judgment.  Either the class members win or, by virtue of losing, they are not in the class, and therefore, not bound by judgment." *Id.* (citing *Randleman*, 646 F.3d at 352).  In determining whether the Rule 23 requirements are met, "[t]he court should not . . . decide the merits of the case." *Sample v. Monsanto Co.*, 218 F.R.D. 644, 647 (E.D. Mo. 2003); *see also Dumas v. Albers Medical, Inc.*, 2005 WL 2172030, *5 (W.D.Mo. 2005) (noting that the class must "be readily identified without resort to intensive, individualized factual inquiries").  Federal courts throughout the country – including this one – have repeatedly rejected impermissible fail-safe class definitions, including those in the TCPA.[2]

---

[2] *Randleman*, 646 F.3d at 352; *Lindsay Transmission, LLC v. Office Depot, Inc.*, Case No. 4:12-CV-221 (E.D.Mo. January 24, 2013) (striking **exact same class definition** for TCPA claim because it alleged impermissible fail-safe definition); *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076 (S.D. Ohio 2014) (striking class allegations before discovery because the class definition on a TCPA claim contained an impermissible fail-safe definition); *Zarichny v. Complete Payment Recovery Services, Inc.*, 2015 WL 249853 (E.D. Pa. January 21, 2015) (striking TCPA class definition for impermissibly creating fail-safe class); *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010) ("The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.  When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class.  That is palpably unfair to the defendant, and is also unmanageable—for example, to whom should the class notice be sent?"); *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980); *Boucher v. First Am. Title Ins. Co.*, 2011 WL 1655598, *5 (W.D. Wash. 2011) ("[T]he definition conditions a customer's class membership on a finding that [defendant] is liable to him or her.  Only those customers who did not receive the 'fully and correctly discounted price' are members of the class.  So, for example, if the court certified the class and later determined on summary judgment that [defendant] correctly discounted all class members' premiums, then the class would have no members.  A 'fail-safe class' like this ensures that a defendant cannot prevail against the class, because if the defendant prevails, the class will not exist."); *Schilling v. Kenton County, Ky.*, 2011 WL 293759, *6 (E.D. Ky. 2011) ("A fail-safe class is 'defined by the merits of [the plaintiffs] legal claims, and [is] therefore unascertainable prior to a finding of liability in the plaintiffs' favor.'  Once it is established that a potential class member will not prevail against the defendant, the member drops from the class.") (citation omitted); *Campbell v. First Am. Title Ins. Co.*, 269 F.R.D. 68, 73–74 (D. Me. 2010) (revising class definition to avoid "the 'fail safe' issue"); *Slapikas v. First*

Plaintiff's class definition is a textbook example of a fail-safe class that has been repeatedly stricken by the courts: a putative class member either wins and is part of the class, or by virtue of losing, is defined out of the class. *See* fn.2, *infra*. The definition as pleaded consists of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

(Compl. ¶ 32.) Determination of class membership would therefore require the Court to conduct individual mini-trials concerning the merits of at least the following: (1) whether a particular facsimile advertised commercial goods or services; (2) whether a potential class member consented to receive the facsimile; (3) whether the potential class member has an existing business relationship with Defendant; and (4) whether the facsimile contained a "proper" opt-out notice. This proposed class definition "flies directly in the face of a basic tenet of class certification: a court may not inquire into the merits of the case at the class certification stage." *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)).

---

*Am. Title Ins. Co.*, 250 F.R.D. 232, 250–51 (W.D. Pa. 2008); *Genenbacher v. CenturyTel Fiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2007); *Morris v. Travelers Indem. Co. of Am.*, 2006 WL 166597, at *8 (D. Colo. Jan. 19, 2006); *Contawe v. Crescent Heights of Am., Inc.*, 2004 WL 2966931, at *7 (E.D. Pa. Dec. 21, 2004); *Daniels v. Baritz*, 2004 WL 1699124, at *2 (E.D. Pa. July 29, 2004); *Black v. Premier Co.*, 2002 WL 32122658, at *5 (E.D. Pa. Sept. 13, 2002); *White v. Williams*, 208 F.R.D. 123, 129-30 (D.N.J. 2002); *Metcalf v. Edelman*, 64 F.R.D. 407, 409-10 (N.D. Ill. 1974).

Plaintiff's proposed conversion class definition fares no better, and would also require individual determinations of whether a potential class member consented to receive the facsimile.  (Complaint, ¶ 13).

To determine whether a proposed class definition improperly includes a merits determination, a court must examine whether it rests on a paramount liability question. *Randleman*, 646 F.3d at 352.  If so, as one state supreme court noted, the class definition "cannot be objective, nor can the class members be presently ascertained . . . until a determination of ultimate liability as to [each individual] person is made."  *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 404 (Tex. 2000) (cited with approval in *Levitt v. Fax.com*, Civil No. WMN-05-949, 2007 WL 3169078, at *8 n.5 (D. Md. May 25, 2007) and *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 268 (S.D. Fla. 2000) for the proposition that a class should not be defined by criteria that require an analysis of the merits).  Where the class will not exist if the defendant wins at trial, then the definition improperly includes a merit determination.  *See Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985) (holding that a class definition that required legal determination regarding whether constitutional rights had been violated was improper). The legal determinations regarding (1) the advertisement of goods or services, (2) consent, (3) existing business relationship, and (4) proper opt-out indisputably ***require*** determinations of the merits.  Plaintiff's class definition is therefore fail-safe and the class allegations should be stricken.

The class definition in *Forman* – strikingly similar to that in the Complaint – improperly included "all residents and businesses who have received unsolicited facsimile advertisements." *Forman*, 164 F.R.D. at 403.  In denying certification, the Eastern District of Pennsylvania held that the purported class definition was untenable because it "require[d] addressing the central

issue of liability" and "[d]etermining a membership in the class would essentially require a mini-hearing on the merits of each case." *Id.*; *see also* S*ee Kondratick v. Beneficial Consumer Discount Co.*, No. Civ. A. 04-4895, 2006 WL 305399, at *7–*8 (E.D. Pa. Feb. 8, 2006) (citing *Forman* and finding that the class definition was "untenable" because the "inquiry to determine class membership would require a mini-hearing on the merits of each proposed class members' case"); *see also Hagen*, 108 F.R.D. at 63 (class certification improper when determining membership required deciding merits); *Dunn v. Midwest Buslines, Inc.*, 94 F.R.D. 170, 171–72 (E.D. Ark. 1982) (holding class certification improper in a Title VII action where certification required "a finding of discrimination in order to define the class").

Similarly, the United States Supreme Court has held that a preliminary inquiry into the underlying merits when determining class certification "contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974).

The inherent problem with Plaintiff's class definition as pleaded is much more than a simple definitional issue that can be corrected through re-pleading. Instead, it reflects a fundamental lack of commonality regarding threshold liability issues. *See Leinhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 149 (4th Cir. 2001) ("If . . . an individualized inquiry is needed to determine the membership of a workable class, it is clear that common issues do not predominate over individual issues as required by Rule 23(b)(3)."); *Mueller v. CBS, Inc.*, 200 F.R.D. 227, 233 (W.D. Pa. 2001) (observing that "the underlying problems raised by [the proposed class] definition [were] reiterated in the commonality and typicality tests of Rule 23(a)(2) and (3)"); *Insolia v. Phillip Morris, Inc.*, 186 F.R.D. 535, 547 (W.D. Wis. 1998) ("It makes no difference whether these [individual] issues are part of the definition of a proposed class or part of the

merits of the claims . . . ."); *Newton v. S. Wood Piedmont Co.*, 163 F.R.D. 625, 632 (S.D. Ga. 1995) (observing that "Plaintiff's class definition demonstrates that this proposed lawsuit is ill-suited for adjudication as a class action").  Significantly, it is not sufficient to allege the "presence of a common legal theory . . . when proof of a violation requires an individualized inquiry." *Elizabeth M.*, 458 F.3d at 787.

As a result, the Court should issue an order striking and/or dismissing the Complaint's class certification allegations.

## CONCLUSION

For the foregoing reasons, Defendant Nomax, Inc. respectfully requests that this Court enter an Order dismissing and/or striking the class allegation provisions in Plaintiff St. Louis Heart Center, Inc.'s Class Action Petition under Fed. R. Civ. P. 12(b)(6) and 12(f), respectively, as well as such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:     /s/ Tina N. Babel
Tina N. Babel, #58247MO
Laura Bailey Brown, #62732MO
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600  Telephone
(314) 854-8660  Facsimile
tnb@carmodymacdonald.com
lbb@carmodymacdonald.com

Attorneys for Defendant Nomax, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 13th day of April, 2015, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's ECF system upon all attorneys of record:

| | |
|---|---|
| Max Margulis | Brian J. Wanca |
| Margulis Law Group | Anderson + Wanca |
| 28 Old Belle Monte Road | 3701 Algonquin Road, Suite 760 |
| Chesterfield, Missouri 63017 | Rolling Meadows, Illinois 60008 |
| maxmargulis@margulislaw.com | bwanca@andersonwanca.com |

                                                            /s/ Tina N. Babel