UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 4:15-cv-517 |
| NOMAX, INC. and JOHN DOES 1-10, | ) ) ) | Removed from St. Louis County Circuit Court, Cause No. 15SL-CC00433 |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR CLARIFICATION
AND EXTENSION OF TIME TO FILE A REPLY IN SUPPORT
OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

Defendant Nomax, Inc., by and through its counsel, hereby files this Motion for Clarification and Extension of Time to File a Reply in Support of Its Motion to Strike Class Allegations ("Motion"). In support hereof, Defendant states as follows:

1. In light of Plaintiff's filing of its First Amended Class Action Complaint [Dkt. #22], filed after Defendant filed its Motion to Strike Class Allegations [Dkt. #18 and #19], Plaintiff's initial Complaint has been superseded. The status of Defendant's Motion to Strike is therefore unclear, especially as Plaintiff's initial proposed class definition – which sets forth an improper fail-safe class definition – remains in Plaintiff's Amended Class Action Complaint, but now as an "alternative" definition. To that extent, Defendant's Motion to Strike is still directly on point and should be granted. However, Plaintiff has now set forth a proposed second alternative definition in its First Amended Class Action Complaint which similarly fails, as the class definition does not properly define the class claims, issues or defenses, among other things. As a result, both definitions should be stricken and/or dismissed. Defendant therefore seeks clarification from the Court regarding how it would best like Defendant to address the Amended

Complaint (*i.e.*, two Motions to Dismiss and/or Strike on each definition or one new motion), and requests that Defendant address these issues at the Court's Rule 16 Conference on Wednesday, May 6, 2015.  For that reason, Defendant seeks an extension of time to file its Reply to its initial Motion to Strike [Dkt. #18] until at least Friday, May 8, 2015, or until such time as Defendant can seek clarification on how the Court would like it to address its Motion to Strike and/or Dismiss in light of the amended Complaint.

2. On April 13, 2015, Defendant filed its Motion to Strike and/or Dismiss Plaintiff's Class Allegations and Memorandum in Support.

3. On April 23, 2015, Plaintiff filed its Response in Opposition to Defendant's Motion to Strike and/or Dismiss Plaintiffs Class Allegations.

4. Simultaneously, Plaintiff filed a First Amended Class Action Complaint, setting forth an "alternative" definition should Defendant's Motion to Strike and/or Dismiss prove successful and its previous definition be stricken.

5. Typically, pursuant to Local Rule 4.01(C), Defendant's reply to Plaintiff's response is due within seven days after being served with the response, with an additional three days added to this period under Fed. R. Civ. P. 6(d) due to the method of service.  Defendant's Reply to Plaintiff's Response would therefore be due May 4, 2015.

6. However, because Plaintiff filed a First Amended Class Action Complaint, Plaintiff's initial Complaint and the allegations set forth therein are superseded by the amendment.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  When a pleading is amended, a Defendant may respond to the pleading within 14 days (plus three days for service)

after service of the amended pleading.  Fed. R. Civ. P. 15(a)(3).  A response to the First Amended Class Action Complaint would therefore be due on May 11, 2015.

7. The grounds for Defendant's initial Motion to Strike and/or Dismiss the Class Definition remain, but under the Amended Complaint, Defendant now has additional grounds to move and/or strike Plaintiff's class definition as Plaintiff purports to put forth two "alternative" class definitions.  Defendant believes that both definitions should be stricken and/or dismissed, and wants to address the proper procedure for "amending" or "supplementing" its initial Motion with the Court.  The procedure for doing so is unclear under the rules.  *See* 6 Fed. Prac. & Proc. Civ. §1476 (3d ed.) (dismissal is not required when a motion to dismiss addresses an earlier, superseded complaint, but when a Complaint is superseded by an amendment, defendants should also not typically be required to file a new motion to dismiss simply because an amended pleading was introduced when a motion was pending).

8. Defendant therefore seeks clarification in order to address the procedural posture of its Motion to Strike and/or Dismiss with the Court on Wednesday, May 6, 2015 at the Rule 16 Conference on this matter.

9. Defendant therefore respectfully requests a brief extension of time to file its Reply in Support of Its Motion to Strike Class Allegations to at least May 8, 2015, or until such time as Defendant can clarify the Court's preferred procedure on how it would like to address Defendant's amended motion to strike.

10. No prior extensions of time have been requested in connection with Defendant's Reply and the request for an extension of time is not made for the purpose of delay and will not result in prejudice to any party.

WHEREFORE, Defendant Nomax, Inc. respectfully requests this Court grant its Motion and extend the deadline for it to file its Reply in Support of Its Motion to Strike and/or Dismiss Plaintiff's Class Allegations until at least May 8, 2015, for clarification regarding the status of its initial Motion to Strike and/or Dismiss and the amendment or refiling of its motion in light of Plaintiff's filing of an Amended Complaint, and for such other relief as the Court deems just and proper.

        Respectfully submitted,

        CARMODY MACDONALD P.C.

By:    /s/ Tina N. Babel
        Tina N. Babel, #58247MO
        Laura Bailey Brown, #62732MO
        120 South Central Avenue, Suite 1800
        St. Louis, Missouri 63105
        (314) 854-8600  Telephone
        (314) 854-8660  Facsimile
        tnb@carmodymacdonald.com
        lbb@carmodymacdonald.com

Attorneys for Defendant Nomax, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of May, 2015, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's ECF system upon all attorneys of record:

| | |
|---|---|
| Max Margulis | Brian J. Wanca |
| Margulis Law Group | Anderson + Wanca |
| 28 Old Belle Monte Road | 3701 Algonquin Road, Suite 760 |
| Chesterfield, Missouri 63017 | Rolling Meadows, Illinois 60008 |
| maxmargulis@margulislaw.com | bwanca@andersonwanca.com |

        /s/ Tina N. Babel