UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. LOUIS HEART CENTER, INC., )
individually and on behalf of all others )
similarly-situated, )
)
Plaintiff, )
)
v. ) Case No. 4:15CV517 RLW
)
NOMAX, INC., and JOHN DOES 1-10, )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Nomax, Inc.'s Motion to Strike and/or Dismiss (ECF No. 36), Defendant Nomax, Inc's Motion and Memorandum in Support of Motion to Quash Subpoena to Windstream Communications, LLC (ECF No. 48), and Defendant Nomax, Inc's Motion and Memorandum in Support of Motion to Quash Subpoena to Interfax US Inc. (ECF No. 56). These matters are fully briefed and ready for disposition.

**I.   Motion to Strike and/or Dismiss Plaintiff's Class Allegations**

In this putative class action, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). In the Second Amended Complaint ("SAC"), Plaintiff alleges that Defendant violated the TCPA by transmitting certain facsimiles ("faxes") to Plaintiff and others without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. §64.1200(a)(4).[1] In the Second Amended Complaint, Plaintiff amends his class definition under the TCPA as follows:

---

[1] The SAC alleges that, between 2011 and 2014, Defendant sent six unsolicited facsimiles to Plaintiff (SAC, ¶11).

˘ 1 ˘

> All persons or entities [that] sent facsimiles by or on behalf of Defendant from February 6, 2011 to the present where the facsimile is substantially similar in form, content, or purpose to Exhibits A-F.

Defendant maintains that this definition fails because it includes all persons who were sent the facsimiles at issue, regardless of whether those persons would actually have a claim under the TCPA. (ECF No. 37 at 1). Defendant maintains that Plaintiff's class definition includes all persons sent facsimiles "regardless of invitation or permission" and that this class definition is "impermissibly over-inclusive." (ECF No. 37 at 1-2). Defendant states that "only those persons who received unsolicited advertisements without the required opt-out notice would have standing—making Plaintiff's class definition unascertainable under Rule 23." (ECF No. 37 at 4). Defendant maintains that the current class definition includes members that did not suffer any damages and are without standing to bring this action. (ECF No. 37 at 4-5). Moreover, Defendant avers that the class definition's inclusion of facsimiles "substantially similar in form, content or purpose to Exhibits A-F" is overly vague and imprecise. (ECF No. 5-6). Defendant moves to strike and/or dismiss Plaintiff's Amended Class Allegations pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f), and 23.

In response, Plaintiff argues that Defendant has left it with a "Catch-22". Defendant has already objected to Plaintiff's prior class definition, which referred to whether the fax recipient consented to the transmission. Plaintiff claims that Defendant has left Plaintiff (and the Court) with the practical effect that no one can allege a TCPA class, which conflicts with the "overwhelming judicial consensus" that class certification is normal in TCPA cases. (ECF No. 42 at 4) (citing *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013)). Plaintiff contends that prior express invitation or permission is a defense and the burden of proof rests on the sender to prove consent. (ECF No. 42 at 5-6) (citing *In the Matter of Rules & Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3788 (2006)). Therefore, Plaintiff maintains that such a defense need not be pleaded as part of the class definition. (*Id.*). Plaintiff also notes that the Eighth Circuit views early motions to strike, such as the one here, with disfavor. (ECF No. 42 at 4 (citing *St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc.*, No. 4:12-CV-02224, 2013 WL 1076540, at *5, n.4 (E.D. Mo. Mar. 13, 2013); *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Further, Plaintiff asserts that an established business relationship is not determinative of whether there is a violation because the facsimiles do not include the required opt out notice. (ECF No. 42 at 7-8 (citing 47 C.F. R. §64.1200(a)(4)(iv)). Finally, Plaintiff contends that any argument that the proposed class definition is overly vague and imprecise is premature because Plaintiff must be given an opportunity to conduct discovery regarding the "universe of similarly non-compliant fax advertisements" in order to create a "definition referring to specific language in the faxes." (ECF No. 42 at 8-9).

The Court will not dismiss or strike the class definition based upon overbreadth. The Court agrees that such a ruling would leave a plaintiff in a "Catch 22" whereby no TCPA claim would survive the pleading stage. "An overbroad class can be shrunk to eliminate the overbreadth; over-breadth is thus not a per se ground for dismissal." *Johansen v. GVN Michigan, Inc.*, No. 1:15-CV-00912, 2015 WL 3823036, at *1 (N.D. Ill. June 18, 2015). The Court finds that, at this stage of the litigation, overbreadth is not a basis for striking or dismissing Plaintiff's class definition, particularly because doing so would preclude bringing this action as a TCPA claim. The Court agrees with Judge Posner that Plaintiff "pleaded a violation of the statute; he didn't need to plead the affirmative defense of consent—the burden is on the defendant to plead affirmative defenses." *Johansen*, 2015 WL 3823036, at *1. The Court further finds that the

proposed class definition is overly vague and imprecise, and the Court would not certify such a class as it is currently defined. However, and as noted by Plaintiff, discovery has not yet commenced and there is ample time for Plaintiff to refine the class definition to reflect the discovery produced. Therefore, the Court denies Defendant's Motion to Strike and/or Dismiss at this time.

## II.  Motions to Quash Subpoenas

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed. R. Civ. P. 26(b)(1)); *see also* Fed. R. Civ. P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).

### A. Motion to Quash Subpoena Served on Windstream Communications, LLC

Plaintiff served a subpoena on Windstream Communications, LLC ("Windstream") seeking all outgoing call detail records (CDRs) from Defendants' two fax lines for the period of February 6, 2011 to the present.

Defendant seeks to quash this subpoena as overbroad and unduly burdensome for several reasons. Defendant because (i) Defendant sent other faxes besides fax advertisements over the two fax lines and CDRs would not indicate the image sent, making the subpoena overly broad and unduly burdensome; (ii) the subpoena requests confidential and proprietary information; (iii) the

subpoena is not reasonably calculated to lead to the discovery of admissible evidence; and (iv) Defendant has already produced records relating to the facsimile numbers to which the six fax advertisements attached to the Second Amended Complaint were sent and, therefore, the information sought in the subpoena is redundant and unnecessary. (ECF No. 48).

In response, Plaintiff argues that it should be allowed to conduct discovery regarding all fax advertisements sent during the class period, not just the six attached to the Second Amended Complaint as Exhibits A-F. (ECF No. 55 at 8-11 (citing *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) ("Quill may not deprive plaintiff of discovery related to the class while Quill continues to oppose class certification"). Further, Plaintiff argues that Defendant has not satisfied its burden of demonstrating undue hardship to Windstream in responding to the subpoena. (ECF No. 55 at 12-13). Finally, Plaintiff notes that there is a protective order in place to sure the confidentially of Defendant's information. (ECF No. 55 at 13-14).

The Court holds that Plaintiff's requested discovery is overbroad and unduly burdensome. The Court finds that the proposed subpoena is overbroad in that it seeks the CDRs for all facsimiles (not just facsimile advertisements) sent by Defendants over a four year period. (ECF No. 57 at 2). Plaintiff cites to no cases that support such a broad subpoena. Further, the Court holds that the subpoena is overbroad because it seeks facsimile records that are irrelevant to this case. The Court believes that Plaintiff's subpoena would seek facsimile information that might be relevant to other lawsuits, but not this case. The Court limits the subpoena to production of the CDRs for the facsimiles that are attached to the Second Amended Complaint as Exhibits A-F.

### B. Motion to Quash Subpoena to Interfax US Inc.

Plaintiff served a subpoena on non-party Interfax US Inc. ("Interfax"), who provided assistance to Defendants in sending facsimiles beginning in March 2014. The subpoena sought

all faxes sent by Interfax on behalf of Defendant during the class period of February 6, 2011 to the present and all records that identify the targets of those faxes and whether those fax transmissions were successful.

In Defendant's Motion to Quash, it argues that the subpoena to Interfax is overbroad and unduly burdensome because it seeks information that does not relate to the faxes attached to the Second Amended Complaint. Defendant also contends that it has already produced records relating to the facsimile numbers to which the faxes were sent and, therefore, the subpoena is redundant and unnecessary. (ECF No. 56).

In response, Plaintiff again maintains that all fax advertisements sent during the class period are relevant because the Plaintiff seeks to certify a class for the four years preceding the filling of the complaint. Plaintiff further contends that Defendant has failed to carry its burden of demonstrating that there is an undue burden on Interfax to produce the documents. Finally, Plaintiff argues that it should be allowed to obtain discovery regarding other facsimiles from other sources because Defendant refuses to provide any documents except the six faxes attached to the Second Amended Complaint. (ECF No. 58).

As previously discussed, the Court holds that Plaintiff's subpoena to Interfax is overly broad and impermissibly expands the subject matter of this lawsuit. The Court limits the requests to only the facsimiles at issue in this lawsuit, Exhibits A-F, and quashes the subpoena in all other respects.

### III. Motion for Class Certification

As an additional matter, the Court will deny the currently pending motion for class certification because the proposed class definition has been abandoned by Plaintiff. *See* ECF No. 7, ¶3. Once the parties have conducted discovery and narrowed the class definition, Plaintiff may refile its Motion for Class Certification. Further, the Court understands Plaintiff's fear of

"pick-off" motions and will not consider such a motion based upon this Court's denial of Plaintiff's Motion for Class Certification at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nomax, Inc.'s Motion to Strike and/or Dismiss (ECF No. 36) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Nomax, Inc's Motion and Memorandum in Support of Motion to Quash Subpoena to Windstream Communications, LLC (ECF No. 48) and Defendant Nomax, Inc's Motion and Memorandum in Support of Motion to Quash Subpoena to Interfax US Inc. (ECF No. 56) are **GRANTED**. Windstream Communications, LLC and Interfax US Inc. shall produce records only related to Exhibits A-F to the Second Amended Complaint.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 7) is **DENIED** without prejudice. Plaintiff can refile its Motion for Class Certification after the appropriate discovery has been conducted.

Dated this 23rd day of December, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE