UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS HEART CENTER, INC., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>NOMAX, INC.,<br><br>        Defendant. | No. 4:15-CV-517 RLW |

## MEMORANDUM AND ORDER

This matter comes before Defendant Nomax, Inc.'s Motion for Summary Judgment (ECF No. 74) and Defendant Nomax, Inc.'s Motion to Dismiss for Lack of Standing (ECF No. 90). These matters are fully briefed and ready for disposition. Because the Motion to Dismiss is dispositive, the Court only addresses that Motion and dismisses this action.

## BACKGROUND

Plaintiff St. Louis Heart Center, Inc. ("SLHC") filed this putative class action in Missouri state court under the Telephone Consumer Protection Act of 1991 ("TCPA"), alleging Defendant Nomax, Inc. ("Nomax") sent SLHC and a class of others fax advertisements that failed to comply with the regulations prescribed under the TCPA by the Federal Communications Commission (FCC). This action was removed to federal court on March 24, 2015.

In the Third Amended Complaint (ECF No. 72, "TAC"), SLHC purports to allege a putative class action with a single claim against Nomax for a violation of the TCPA, 47 U.S.C. §227. SLHC alleges that Nomax sent SLHC (and a class of others) twelve fax advertisements during the class period, each advertising the product "Effer-K." (TAC, ¶4). The TAC alleges

that the twelve fax advertisements "do not contain a notice compl[ia]nt with 47 C.F.R. §64.1200," which requires that all fax advertisements, even those sent with "prior express invitation or permission," contain opt-out notice "inform[ing] the recipient of the ability and means to avoid future advertisements." (TAC, ¶17).

## DISCUSSION

### I. MOTION TO DISMISS

#### A. Standard for Motion to Dismiss for Lack of Standing

"Article III standing represents 'perhaps the most important' of all jurisdictional requirements." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 983 (8th Cir. 2009 (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). This doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [its] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S.Ct. 1142, 1149, 173 L.Ed.2d 1 (2009) (internal quotations and emphasis omitted). In the normal course, the plaintiff has the responsibility clearly to allege facts demonstrating that it is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers. *Warth v. Seldin*, 422 U.S. 490, 518 (1975). This assures the existence of that measure of concrete adverseness necessary to sharpen the presentation of issues necessary for the proper resolution of the constitutional questions. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

"If a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 980 (8th Cir.2009) (internal quotations and citations omitted); *Morse v. Vinson*, No. 3:09CV00153, 2010 WL 385945, at *2 (E.D. Ark. Jan. 27, 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." Fed.R.Civ.P. 12(h)(3); *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 975 (8th Cir.2008) (subject matter jurisdiction can be raised at any time).

### B. Defendant's Motion to Dismiss (ECF No. 90)

First, Nomax argues that SLHC lacks standing to pursue this claim because its alleged harm is not "concrete and particularized." (ECF No. 91 at 1 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016)). Nomax maintains that SLHC has not alleged any concrete and particularized injury resulting from the disputed faxes because SLHC does not dispute that it consented to receiving the faxes.

In response, SLHC relies argues that it did not give Nomax "prior express invitation or permission" to send fax advertisements. (ECF No. 92 at 3).[1] Moreover, even if it had given such permission, SLHC argues that the opt-out notices violate the FCC regulations since they do not contain a "fax number to opt out" or a phone number to opt out and do not state that the sender "will comply within thirty days or they are in violation of the law." (ECF No. 92 at 3 (citing the deposition of Dr. Ronald A. Weis, Principal of SLHC)). Dr. Weis admitted that he did not attempt to opt out of the faxes because he asserted previous attempts to do so with other faxes were ineffective. (ECF No. 92 at 3-4).

SLHC cites to several non-Eighth Circuit cases where the courts found "concrete" injuries as a result of the transmission of facsimiles, including loss of toner and paper and use of the telephone line. (ECF No. 92 at 10-11 (*JWD Auto., Inc. v. DJM Advisory Grp. LLC*, No. 215CV793FTM29MRM, 2016 WL 6835986 (M.D. Fla. Nov. 21, 2016); *Fauley v. Drug Depot, Inc.*, 204 F. Supp. 3d 1008 (N.D. Ill. 2016); *Physicians Healthsource, Inc. v. A-S Medication*

---

[1] Although SLHC makes this bare-bones assertion, the Court finds that it is not well-taken since Dr. Weis stated during his deposition that "the issue of consent or not [to receiving the disputed faxes] will not be an issue in the proceeding onward in the case." *See* Deposition for Dr. Weis, Tr. 455:16-25.

*Sols., LLC*, No. 12-CV-05105, 2016 WL 5390952 (N.D. Ill. Sept. 27, 2016); *Brodsky v. HumanaDental Ins. Co.*, No. 1:10-CV-03233, 2016 WL 5476233, at *11 (N.D. Ill. Sept. 29, 2016) (unsolicited faxes "occupied his fax line and machine, used his toner and paper, and wasted his time"). SLHC notes that it alleges that the subject faxes "occupied the fax lines and fax machines of Plaintiff and the class and prevented Plaintiff's (and the class') fax line and fax machine from being used for Plaintiff's (and the class') business purposes" during the transmission). (TAC, ¶35). SLHC claims that Nomax's assertion that SLHC lacks standing because the subject faxes were sent with prior express permission confuses the issue of standing with a merits inquiry. SLHC asserts that "[w]hehter the faxes in fact violated the TCPA or the regulations prescribed under the TCPA is the issue to be decided on the merits," not here. (ECF No. 92 at 11-12). SLHC contends that Nomax's failure to provide the proper opt-out disclosures constitutes an "intangible" but concrete injury. (ECF No. 92 at 12). SLHC contends that because Nomax did not provide an "enforceable opt-out" provision and subjected Dr. Weis "to a heightened risk of receiving future unwanted fax advertisements, which constitutes a 'concrete' fax injury." (ECF No. 92 at 15).

The Court agrees that SLHC has not alleged a concrete and particularized injury arising from the alleged deficiency in the opt-out notice. *Spokeo,*, 136 S. Ct. at 1548. Further, the Court holds that SLHC cannot save its claim by alleging a technical deficiency in the opt-out notice. "The present case does not involve a circumstance in which the violation of the procedural requirement alone is a concrete injury in fact." *Woods v. Caremark, L.L.C.*, No. 4:15-CV-00535-SRB, 2016 WL 6908108, at *5 (W.D. Mo. July 28, 2016) (*Spokeo*, 136 S. Ct. at 1549). The Court holds that the opt-out notice conveys to fax recipients the means and opportunity to opt-out of receiving future faxes, regardless of whether the faxes also meet all of the technical

requirements of 47 C.F.R. §64.1200. Under the undisputed facts, SLHC requested and received samples of Nomax's Effer-K on at least three to four occasions. Under Supreme Court and Eighth Circuit precedent, SLHC has not alleged a concrete or particularized harm resulting from receiving faxes that SLHC both invited and did not rebuke. Further, a "heightened risk of receiving future unwanted fax advertisements" does not present a concrete injury as a matter of law. *See also Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537-SPM, 2016 WL 3683001, at *6 (E.D. Mo. July 12, 2016) ("increased risk of identity theft and fraud are not sufficient to demonstrate injury in fact for purposes of Article III standing"). The Court holds that SLHC has not alleged an injury in fact as required by Article III and his "complaint asserts 'a bare procedural violation, divorced from any concrete harm.'" *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (quoting *Spokeo*, 136 S.Ct. at 1549).

Second, in the event that this Court finds no concrete injury, SLHC suggests that this Court must remand this action, rather than dismissing it outright. (ECF No. 92 at 4-6). SLHC claims that Nomax, who removed this action, is the party invoking federal jurisdiction. SLHC asserts that 28 U.S.C. §1447(c) requires that this Court remand, rather than dismiss, this action. *See* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). SLHC cites to several non-Eighth Circuit decisions to support this position. (ECF No. 92 at 4-6 (citing *Mocek v. Allsaints USA Ltd.*, No. 16 C 8484, 2016 WL 7116590 (N.D. Ill. Dec. 7, 2016); *Disalvo v. Intellicorp Records, Inc.*, No. 1:16 CV 1697, 2016 WL 5405258 (N.D. Ohio Sept. 27, 2016); *Larroque v. First Advantage LNS Screening Sols., Inc.*, No. 15-CV-04684-JSC, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016); *Schartel v. One Source Tech., LLC*, No. 1:15 CV 1434, 2016 WL 6024558 (N.D. Ohio Oct. 14, 2016); *Hopkins v. Staffing Network Holdings, LLC*, No. 16 C 7907, 2016

WL 6462095, at *1 (N.D. Ill. Oct. 18, 2016); *Lee v. Hertz Corp.*, No. 15-CV-04562-BLF, 2016 WL 7034060, at *2 (N.D. Cal. Dec. 2, 2016). SLHC also cites to *May v. Consumer Adjustment Co., Inc.*, No. 4:14CV166 HEA, 2017 WL 227964, at *4 (E.D. Mo. Jan. 19, 2017), where the district court remanded the action to state court after finding no Article III standing. In the alternative, SLHC contends that this Court should dismiss this action without prejudice. (ECF No. 92 at 6-7 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998); *Case v. Hertz Corp.*, No. 15-CV-02707-BLF, 2016 WL 6835086, at *5 (N.D. Cal. Nov. 21, 2016)).

As an initial matter, the Court holds that SLHC retains the burden to demonstrate standing, even though this action was removed. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 126 S. Ct. 1854, 1861, 164 L. Ed. 2d 589 (2006) ("Whatever the parties' previous positions on the propriety of a federal forum, plaintiffs, as the parties seeking to establish federal jurisdiction, must make the showings required for standing."). Next, the Court holds that dismissal, not remand, is proper. SLHC cites to *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) to support its argument that this Court should remand this action. However, *Wallace* involved jurisdiction based upon the Class Action Fairness Act ("CAFA") and did not present a federal question like SLHC's action under the TCPA. Rather, the Court follows the decision in *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) and dismisses this action based upon the finding that Article III standing is "a part of the concept of justiciability." *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981). "Where the plaintiff lacks standing, dismissal is appropriate." *Woods*, 2016 WL 6908108, at *5 (*Hargis*, 674 F.3d at 793). Because SLHC has not suffered a concrete injury and lacks standing, the Court dismisses the case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nomax, Inc.'s Motion to Dismiss for Lack of Standing (ECF No. 90) is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

An appropriate Judgment is filed herewith.

Dated this 20th day of March, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**